IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JAMES MILLER and <br> JEANNE MARIE MILLER, <br>     Plaintiffs <br> <br> v. <br> <br> THE PRIORITY MORTGAGE GROUP, <br> TIM MEYERS, AND LEWIS GILBERTI, <br>     Defendants | :    Civil Case No. 1:07-CV-2081 <br> : <br> :    (Chief Judge Kane) <br> : <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM

On November 14, 2007, Plaintiffs William and Jeanne Miller, proceeding *pro se*, initiated the above-captioned action alleging violations of state and federal consumer protection laws. On February 11, 2008, Plaintiffs, through counsel, filed an amended complaint seeking damages, a declaration of rescission, and remedies for rescission under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et al.* and relevant state law. Because there was no evidence that Plaintiffs had effected service of process against Defendants, the Court issued an order on July 18, 2008, directing Plaintiffs to either (1) establish that they had effected proper service on Defendants, or (2) show good cause why they failed to effect service of process within the time limits established by the Federal Rules of Civil Procedure.[1]

---

[1] Federal Rule of Civil Procedure 4(m) sets forth the time limit for service. It provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). At the time the Court issued its show cause order, more than 150 days had passed since the filing of the amended complaint.

On July 28, 2008, Plaintiffs—through counsel of record—filed a timely response to the Court's order to show cause. (Doc. No. 7.) In their response, Plaintiffs acknowledged that they had not yet effected service, explaining that the "primary cause for the delay in service is due to Plaintiffs ongoing inability to secure legal counsel to handle this case through its conclusion."[2] Plaintiffs explain that they have made diligent efforts at retaining counsel and have made arrangements with an attorney "who will enter his appearance and effect immediate service upon Defendants." Plaintiffs also explain that their efforts to secure counsel were hindered by their extremely limited financial means and severe, disabling health problems.

As Plaintiffs have failed to effect service within the time limits set forth by Federal Rule of Civil Procedure 4(m), the Court must determine whether grounds exist for excusing the 120-day time limit and extending the time for Plaintiffs to serve Defendants. The determination of whether to extend time for service of process involves a two-step inquiry. Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). First, a district court must determine whether good cause exists for a plaintiff's failure to effect timely service. Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997). If good cause exists, the court must grant an extension. Id. If good cause does not exist, however, the district court must then consider whether to grant a discretionary extension of time. Id.; MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

---

[2] Plaintiffs explained that they retained counsel of record "for the purpose of filing an amended complaint, but were advised to find replacement counsel for purposes of continuing their lawsuit." Notably, however, this attorney never moved to withdraw as counsel of record, a position that carries with it certain responsibilities in the eyes of the Court. Counsel would have been well-advised to make some effort at serving the parties that his clients were suing or, at a minimum, request an extension of time on his client's behalf before the expiration of Rule 4(m) 120-day time limit.

Courts have considered three factors in determining the existence of good cause: (1) the reasonableness of plaintiff's effort to serve; (2) whether the plaintiff moved for an enlargement of time to serve; and (3) whether the defendant is prejudiced by the lack of timely service. See MCI Telecomm., 71 F.3d at 1097. A court's "primary focus," of course, "is on the plaintiff's reasons for not complying with the time limit in the first place." Id. In their response to the Court's July 18, 2008, order to show cause, Plaintiffs acknowledge that they have not effected service upon Defendants, but they fail to detail any efforts at service that have been made to date. There has been no request for an extension of time in which to effect service. Plaintiffs fail to address whether Defendants will suffer any prejudice by an extension of time. Based on the Plaintiffs' response to the show cause order, the Court is unable to find that good cause exists for their failure to effect service upon Defendants.

The second phase of the inquiry under Rule 4(m) calls for the Court to determine whether to exercise its discretion to grant Plaintiffs an extension of time to serve process. In determining whether to grant a discretionary extension, the Court is mindful of the Third Circuit's preference that cases be disposed of on the merits wherever practicable. See, e.g., Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984). The Third Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise their discretion; however, the court has advised district courts that the Advisory Committee's notes to Rule 4 provide some guidance. Boley, 123 F.3d at 758; Petrucelli, 46 F.3d at 1305-06; see also Fed. R. Civ. P. 4(m) advisory committee's notes (referencing factors such as the running of the statute of limitations; attempts by the defendant to evade service; whether service was to be made on multiple defendants; whether the plaintiff is appearing *pro se*).

Here, although Plaintiffs had the assistance of counsel who filed their amended complaint—and despite the fact that counsel never moved to withdraw his entry of appearance—it appears that Plaintiffs have been proceeding *pro se*.  Plaintiffs indicate that they have certain disabling health issues and are of limited financial means, both factors which hindered their search for an attorney who was willing to represent them for the duration of this action.  Plaintiffs claim to have made diligent efforts in their search for counsel and to have located an attorney willing to take up their cause, promptly enter his appearance, and effect immediate service upon Defendants.  In light of these circumstances, the Court will exercise its discretion and provide Plaintiffs with an additional thirty days in which to effect service of process.  Should Plaintiffs fail to effect service in this time, they may suffer dismissal.


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WILLIAM JAMES MILLER and** : | |
| **JEANNE MARIE MILLER,** : | **Civil Case No. 1:07-CV-2081** |
| **Plaintiffs** : | |
| : | **(Chief Judge Kane)** |
| **v.** : | |
| : | |
| **THE PRIORITY MORTGAGE GROUP,** : | |
| **TIM MEYERS, AND LEWIS GILBERTI,** : | |
| **Defendants** : | |

## ORDER

**AND NOW**, this 21st day of August, 2008, upon consideration of Plaintiffs' response to the Court's show cause order, and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiffs shall have thirty (30) days from the date of this order to effect service upon Defendants.

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania